1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTORIA AKHRAMENKO, et al.,

11            Plaintiffs,              CIV S-11-2114 JAM GGH PS

12       vs.

13   BANK OF AMERICA, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiffs Akhramenko and Batazhan are proceeding pro se and have requested

17   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred

18   to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff Akhramenko

19   has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly,

20   her request to proceed in forma pauperis will be granted.  Plaintiff Batazhan has not submitted an

21   application, however.  Batazhan will be provided the opportunity to submit either the appropriate

22   affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

23            The determination that plaintiff may proceed in forma pauperis does not complete

24   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

25   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

26   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,  ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint appears to be mostly boilerplate, containing few facts pertinent to these plaintiffs.  Plaintiffs allege that defendant Bank of America promised to work with them to

2

modify their loan but then defendant Northwest Trustee Services sold their home on January 21, 2011 without explanation.  (Compl. at 10-11.)  Plaintiffs allege that the sale was improper because they were under bankruptcy protection at the time and that an automatic stay should have prevented the foreclosure proceedings.  (Id. at 9.)  The complaint alleges that as a result, the sale was "improperly held and the trustees deed was wrongfully executed, delivered, and recorded...." (Id. at 4.)

Plaintiffs do not provide the date of the financing, whether the transaction was for an initial purchase or a re-finance, whether it involved a residential mortgage transaction,[1] what notices defendants allegedly failed to make, why Bank of America owes plaintiffs any money, how Bank of America allegedly manipulated the appraisal process, what authority supports plaintiffs' claim that the buyer under the foreclosure process violated their rights, how defendants intended to defraud plaintiffs, and the nature of these fraudulent misrepresentations.

Furthermore, the court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

---

[1] 15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Accord, 12 C.F.R. § 226.2(a)(24).

1    The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

2    question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

3    matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

4    Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

5    assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

6    Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

7    to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

8    Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

9    For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

10   diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal

11   question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

12   federal law or the United States Constitution, (2) allege a "case or controversy" within the

13   meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,

14   369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

15   The complaint contains only state law claims, with only a passing reference to the

16   Truth in Lending Act ("TILA").  (Compl. at 9.)  Bare conclusory allegations of this sort are not

17   sufficient to establish jurisdiction.  If plaintiffs intend to establish federal question jurisdiction,

18   they must properly set forth a claim under TILA.

19   TILA violations include the failure to provide the required disclosures pursuant to

20   15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the

21   "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover

22   damages arising from alleged TILA violations, a plaintiff must file an action to recover damages

23   "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

24   However, in certain circumstances, equitable tolling of civil damages claims brought under TILA

25   might be appropriate.  See King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  The

26   doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations

4

1   would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit

2   terms so that the consumer will be able to ... avoid the uninformed use of credit." Id. (quoting 15

3   U.S.C. § 1601(a)).

4          The boilerplate allegations are conclusory in nature with no factual support.  For

5   example, plaintiffs allege a sixth cause of action as follows: "

6                    SIXTH CAUSE OF ACTION

7                    (A predatory lending victim)

8                    25.  Plaintiff realleges and repeats, and incorporates
                     by reference the allegations in paragraph 1 through
9                    24.

10  (Compl. at 11.)  Not only is there no such claim for "predatory lending victim," this claim

11  contains absolutely no allegations.

12          In sum, the court finds the allegations in plaintiff's complaint so vague and

13  conclusory that it is unable to determine whether the court has jurisdiction, or whether the current

14  action is frivolous or fails to state a claim for relief.  The court has determined that the complaint

15  does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

16  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

17  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

18  649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts

19  which defendants engaged in that support plaintiffs' claim.  Id.  Because plaintiffs have failed to

20  comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

21          If plaintiffs choose to amend the complaint, they must set forth the jurisdictional

22  grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiffs

23  must demonstrate how the conduct complained of has resulted in a deprivation of plaintiffs'

24  federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

25          Plaintiffs are informed that the court cannot refer to a prior pleading in order to

26  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff Akhramenko's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff Batazhan shall submit, within twenty-one (21) days from the date of this order, either a completed application and affidavit in support of the request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

3.  The Clerk of the Court is directed to send plaintiff Batazhan a new Application to Proceed In Forma Pauperis.

4.  Plaintiffs' complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: January 18, 2012

        /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:076/Akhramenko2114.ifp.wpd